UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                     Plaintiff,<br><br>           -against-<br><br>IRIS CAPITAL SECURITIES S.A.L., ANTOINE KHALIFE, and ONE OR MORE UNKNOWN PURCHASERS OF SECURITIES OF SECURITIES OF TELVENT GIT, S.A.,<br><br>                 Defendants. | No. 11-cv-3794 (TPG) |

**MEMORANDUM OF LAW
OF AUDI SARADAR PRIVATE BANK
IN SUPPORT OF ITS MOTION TO INTERVENE,
TO MODIFY THE MAY 25, 2012 ORDER AND
TO ENJOIN DEFENDENTS' COUNSEL FROM
TRANSFERRING OR DISTRIBUTING ANY FUNDS
<u>TRANSFERRED TO THEM BY PERSHING LLC</u>**

DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
212-698-3500

14458874                                   1

## Preliminary Statement

Non-party Audi Saradar Private Bank ("ASPB"), a Lebanese private bank and member of Lebanon's leading banking group, Audi Saradar group, with important presence in the Arab World and Europe, respectfully submits this memorandum of law in support of its motion (i) to intervene in this action as of right, pursuant to Rule 24 of the Federal Rules of Civil Procedure, (ii) to modify this Court's May 25, 2012 Order Vacating Freeze Order (the "May 25 Order") by deleting that portion of the Order directing Pershing LLC to transfer $2,664,705.31 plus interest from ASPB's omnibus account at Pershing to the escrow account of Defendants' attorneys and (iii) for a temporary restraining order enjoining Defendants' attorneys from transferring or distributing any funds that have been transferred to their escrow account pursuant to the May 25 Order.

It is undisputed that the Pershing account at issue in this action belongs to ASPB, not to Defendants. Without any notice to ASPB, however, Defendants Iris Capital Securities S.A.L. ("ICS") and Antoine Khalife ("Khalife" and collectively, "Defendants") and their counsel submitted a Proposed Order and convinced this Court to direct Pershing to transfer funds from ASPB's account to the escrow account of Defendants' counsel. And Defendants' counsel have advised the undersigned counsel for ASPB that they intend to honor Defendants' directions and forward those funds from the escrow account to Defendants, in all likelihood outside of the United States. Such blatant misappropriation of ASPB's account cannot have been intended, and should not be countenanced, by this Court.

## Factual Background[1]

On June 3, 2011, this Court granted the application of Plaintiff Securities and Exchange Commission ("SEC") for a temporary restraining order freezing assets in the ASPB account constituting the proceeds of certain transactions in the common stock and call options of Telvent GIT S.A. ("Telvent") executed in the account on behalf of ASPB's then-unknown customers. On July 13, 2011, this Court granted the SEC's application for a preliminary injunction directing Pershing to freeze assets totaling $2,664,705.31 in ASPB's account (the "Freeze Order"). Defendants are two of the purchasers of common stock and call options through ASPB's omnibus account, and subsequently voluntarily appeared to defend themselves in the action. The Amended Complaint alleges that other unidentified traders' trades also gave rise to a portion of the Freeze Order, but such persons have not appeared in the action.

On February 13, 2012, Defendants moved to vacate, or, in the alternative, to modify the Freeze Order. Specifically, Defendants sought to vacate the Freeze Order or reduce the amount of assets subject to the Freeze Order, eliminate the restrictions on certain trading activity and impose a time limitation on the continuation of the Freeze Order. Not surprisingly -- since ASPB's Pershing account plainly does not belong to Defendants -- the motion did not seek to direct Pershing to transfer funds from ASPB's account to Defendants or their counsel. The motion to vacate was fully briefed on March 16, 2012, and oral argument was held on April 24, 2012. On May 25, 2012, the Court issued its Order Vacating Freeze Order, by So Ordering a Proposed Order that apparently had been submitted for the Court's consideration by Defendants' counsel. That Proposed Order, for the first time, included a provision directing Pershing to

---

[1]    The facts and procedural history in this Factual Background are drawn from the publicly filed documents available on the Court's ECF system and the Declaration of Neil A. Steiner, sworn to May 30, 2012, submitted herewith.

transfer $2,664,705.31, plus interest, from ASPB's account at Pershing to Defendants' counsel's

escrow account at Bank of America. But as Defendants knew -- but failed to advise the Court --

the Pershing account belongs to ASPB, not Defendants. Worse yet, Defendants have apparently

instructed their counsel to transfer those funds from the escrow account to Defendants, who are

citizens and residents of Lebanon.

### Argument

### POINT I
### ASPB IS ENTITLED
### TO INTERVENE IN THIS ACTION

Rule 24 of the Federal Rules of Civil Procedure provides that the Court must permit a

person to intervene where, as here, the person:

> claims an interest relating to the property or transaction that is the
> subject of the action, and is so situated that disposing of the action
> may as a practical matter impair or impede the movant's ability to
> protect its interest, unless existing parties adequately represent that
> interest.

Fed. R. Civ. Pro. 24(a); *see also Marcelino Albuquerque Galindo v. UBS Int'l Inc.*, No. 09 Civ.

10004 (LAK), 2010 WL 675699 (S.D.N.Y. Feb. 24, 2010), at *2. It is undisputed that the

Pershing account that is the subject of the Freeze Order issued in the action belongs to ASPB.

Now, however, Defendants are seeking to convert that account by obtaining the May 25 Order

directing Pershing to transfer funds in ASPB's account to Defendants' counsel. Intervention is

necessary for ASPB to protect its interest in its omnibus account at Pershing, and to prevent

Defendants from improperly seeking the funds in ASPB's account.

14458874                                          3

## POINT II

### THE MAY 25 ORDER SHOULD BE MODIFIED TO DELETE THE DIRECTION TO PERSHING TO TRANSFER FUNDS TO DEFENDANTS' COUNSEL

Rule 60 of the Federal Rules of Civil Procedure authorizes the Court to correct "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. Pro. 60(a). The May 25 Order erroneously directs Pershing to transfer funds in ASPB's omnibus account to Defendants' counsel's escrow account. That mistake resulted from the oversight or omission of the fact that the Pershing account belongs to ASPB, not Defendants. *See Mormels v. Girofinance, S.A.*, 544 F. Supp. 815, 816 n.7 (S.D.N.Y. 1982) ("An omnibus account is an account with an exchange member firm (such as Hutton) opened by a non-member broker in its own name, without identifying the customers on whose behalf it is trading. The member firm acts as broker for the non-member firm in executing the transactions."); *see also Levinson v. PSCC Srvs., Inc.*, No. 3:09-CV-00269 (PCD), 2010 WL 5477250 (D. Conn. Dec. 29, 2010); *First Merchant Bank OSH, Ltd. v. Village Roadshow Pictures (U.S.A.) Inc.*, No. 01 Civ. 8370 (GEL), 2002 WL 1423063 (S.D.N.Y. June 28, 2002), at *1 n.4 ("A correspondent bank account holds funds 'in the name of a foreign financial institution unable to maintain a branch office in the United States, which is maintained to effect dollar transactions, in which 'neither the originator who initiates payment nor the beneficiary who receives it holds title to the funds at the correspondent bank.'") (quoting *Village Roadshow Pictures (U.S.A.) Inc. v. Sundance Fin. Corp., Inc.*, No. 600767/00, at 4-5 (N.Y. Sup. Ct. Apr. 27, 2000)). The critical fact that Defendants do not have title to the funds in ASPB's omnibus account with Pershing was not brought to the Court's attention when Defendants' counsel submitted the Proposed Order that included the requirement that Pershing transfer funds from

4

ASPB's account to their escrow account. Moreover, that relief was not even sought in

Defendants' motion to vacate the Freeze Order, and Defendants never provided any notice to

ASPB or its counsel of the improper request. Correction of the May 25 Order to eliminate the

direction to Pershing to transfer funds from ASPB's account to Defendants' counsel's escrow is

therefore warranted.

## POINT III

### DEFENDANTS' COUNSEL SHOULD BE ENJOINED FROM TRANSFERRING OR DISTRIBUTING ANY FUNDS TRANSFERRED TO IT BY PERSHING

To the extent funds have been transferred by Pershing to Defendants' counsel's escrow

account, Defendants' counsel should be enjoined from transferring or distributing such funds, or

any portion thereof. Prior to making the instant motion, ASPB's counsel sought Defendants'

counsel consent to maintain the funds at issue in escrow pending resolution of ASPB's claims to

any funds transferred from its omnibus account at Pershing. Defendants and their counsel

refused to consent to such request; instead, Defendants' counsel advised that they had and

intended to honor instructions from their clients to transfer such funds to Defendants upon

receipt from Pershing. And because Defendants are a Lebanese citizen and his Lebanese money

management firm, both of which are based in Beirut, Lebanon, it is likely that any such transfer

would be beyond the jurisdictional reach of this Court. Accordingly, pursuant to Rule 65 of the

Federal Rules of Civil Procedure, Defendants' counsel should be enjoined from transferring or

distributing any funds transferred by Pershing pursuant to the May 25 Order pending resolution

of ASPB's entitlement to such funds misappropriated from its omnibus account at Pershing.

14458874                                         5

## Conclusion

For the foregoing reasons, Audi Saradar Private Bank respectfully requests that this Court (i) permit it to intervene in this action, (ii) modify the May 25 Order by deleting that portion of the Order directing Pershing LLC to transfer $2,664,705.31 plus interest from ASPB's omnibus account at Pershing to the escrow account of Defendants' attorneys and (iii) enjoin Defendants' attorneys from transferring or distributing any funds that have been transferred to their escrow account pursuant to the May 25 Order.

Dated: New York, New York
       May 30, 2012

DECHERT LLP

By: *Neil Steiner* (GJ~)

Andrew J. Levander
Neil A. Steiner
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
(212) 698-3599
andrew.levander@dechert.com
neil.steiner@dechert.com

14458874                                    6