UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>IRIS CAPITAL SECURITIES S.A.L., ANTOINE KHALIFE, and ONE OR MORE UNKNOWN PURCHASERS OF SECURITIES OF TELVENT GIT, S.A.,<br><br>                              Defendants. | Civil Action No. 11-cv-3794 (TPG)<br><br>ECF CASE |

**SECURITIES AND EXCHANGE COMMISSION'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO CONTINUE
BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff United States Securities and Exchange Commission (the "Commission" or "SEC") hereby moves the Court to continue briefing on Defendants' motion for summary judgment until the Court has ruled on the SEC's pending motion to dismiss without prejudice.

## PROCEDURAL HISTORY

By letter brief dated May 21, 2012 [Dkt. 65-1], the SEC moved the Court for an order dismissing this action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). Defendants, Iris Capital Securities SAL ("ICS") and Antoine Khalife, opposed the SEC's motion by letter dated May 21, 2012, and with an opposition and cross motion for summary judgment dated October 19, 2012. *See* Defendants' Combined Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss, et al. [Dkt. 60] ("ICS Br.").

**ARGUMENT**

If the Court grants the SEC's motion to dismiss, Defendants' motion for summary judgment will be moot.  Therefore, the SEC hereby requests that it not be required to expend the resources to respond to the summary judgment motion until the Court first rules on its Rule 41(a)(2) motion to dismiss.  There are two main reasons.

First, the SEC respectfully asserts that it is likely to win on the merits of its motion.  The District Courts in the Second Circuit overwhelmingly permit a plaintiff to dismiss its own action without prejudice, and indeed, have done so in litigation far more progressed than this case.  *See* the SEC's Reply in Further Support of its Motion to Dismiss [Dkt. 65] at 7-9 ("Reply Brief"), citing inter alia, *Banco Central de Paraguay v. Paraguay Humanitarian Foundation,* No. 01 cv 9649 (JFK), 2006 WL 3456521, *6 (S.D.N.Y Nov. 26, 2006).  Moreover, the Defendants have not demonstrated under the relevant facts and governing law that they are entitled to overcome the presumption favoring the SEC.  *See* Reply Brief at 2-5, 11-12.

Second, the Defendants' motion, coming at the beginning of litigation and with only one telephonic deposition, is not ripe for adjudication on the merits.  *See id.* at 6-10, citing inter alia, *SEC v. Compania Internacional Financiera,* 11 Civ. 4904 (JPO), 2012 WL 1856491 (S.D.N.Y. May 22, 2012) (granting SEC's motion to voluntarily dismiss after defendants filed an unripe summary judgment motion) ("It is therefore a stretch to say that the case is ripe for adjudication on the merits.… And, as discussed above, given the incomplete nature of discovery, it is premature to conclude that Defendants are entitled to a favorable determination of the merits.")

**CONCLUSION**

For these reason, the SEC respectfully requests that the Court continue briefing on the Defendants' motion for summary judgment until after it rules on the SEC's pending motion to dismiss without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).

Dated:  November 6, 2012                             /s  Paul W. Kisslinger
                                                     Paul W. Kisslinger (PK0764)
                                                     U.S. SECURITIES AND EXCHANGE
                                                     COMMISSION
                                                     100 F Street, NE
                                                     Washington, D.C. 20549-4030
                                                     (202) 551-4427
                                                     (202) 772-9246 (Fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 6, 2012, a copy of the foregoing was filed on the Court's ECF system which provided notice to all parties listed thereon.

                                       By:  /s Paul W. Kisslinger