UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

             v.

ONE OR MORE UNKNOWN PURCHASERS
OF SECURITIES OF TELVENT GIT, SA, *et al.*,

                Defendants.

11 Civ. 3794

**OPINION**

      This is an action brought by the United States Securities and Exchange Commission against various purchasers of shares and options in the Spanish company Telvent GIT, S.A. Because of the timing of these transactions relative to Telvent's acquisition by Schneider Electric S.A., a French company, the SEC suspected that the purchasers of these securities may have been acting with the benefit of inside information. However, the SEC reports that, since the inception of this lawsuit, it has been unable to identify the source of any material, non-public information relating to the transactions and, therefore, moves to dismiss its own case without prejudice. Defendants, however, have subsequently moved for summary judgment.

-1-

Though the case was filed nearly a year and a half ago, it remains in its early stages. No initial conference has been held, the parties have not exchanged initial disclosures, no discovery plan has been set, and accordingly no formal discovery has begun. The SEC has so far conducted a single telephonic deposition, of defendant Antoine Khalife, obtained voluntarily produced documents, and submitted document requests and interrogatories. Much of the delay in this litigation's progress has been due to tangential litigation between the SEC and a third-party bank affected by an asset freeze in this case. Defendants answered the SEC's amended complaint on December 30, 2011.

The instant motion to dismiss was filed by the SEC on May 21, 2012. Five months later, on October 19, 2012, defendants filed a cross motion for summary judgment. The parties appear to be in agreement that the case should be dismissed. The question is whether this should be done with or without prejudice — i.e., whether the court should grant the SEC's motion to voluntarily dismiss the case, or whether the court should instead grant defendants' subsequent motion for summary judgment on the merits, thus dismissing the case with prejudice.

The court concludes that defendants' motion for summary judgment is not yet ripe for adjudication. While the SEC has had the opportunity to conduct some limited fact investigation, formal discovery has not yet begun. Defendants' motion for summary judgment is based entirely on the SEC's admission in its letter motion to voluntarily dismiss the action without prejudice, that it does not have enough evidence to prosecute the case.

This admission, made before the formal discovery process, is not a sufficient basis for a final adjudication on the merits.

Though it is too early to grant defendants' motion for summary judgment, the court must independently consider whether to grant the SEC's motion to voluntarily dismiss its complaint without prejudice. The motion is granted.

## Discussion

Once a defendant has answered the plaintiff's complaint, a court order is required for a plaintiff to voluntarily dismiss the action without prejudice. Fed. R. Civ. P. 41(a). In determining whether such an order would be proper, the court first presumes that dismissal without prejudice is appropriate absent a showing of substantial prejudice beyond merely the specter of a possible second lawsuit. Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011). Absent such a showing, the court determines whether this presumption in favor of dismissal without prejudice is defeated by the so-called Zagano factors, which include:

> plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).

In this case, the Zagano factors clearly weigh in the SEC's favor. In fact, defendants have made no substantial effort to show otherwise. Given the very early stage of this

litigation, and the SEC's prompt filing of this motion before discovery begins in earnest (a Zagano factor in its own right), there is no reason to doubt the SEC's diligence in bringing this motion. Nor has there been any suggestion that this suit was brought vexatiously, or that any future re-litigation would be unduly duplicative.

What defendants contend, rather, is that this litigation has already harmed them by damaging their reputations, and that the SEC should not be allowed to dodge defendants' motion for summary judgment by voluntary dismissal.

The second of these contentions is easily addressed: plaintiff actually moved to dismiss its action five months prior to defendants' filing their motion for summary judgment. It is therefore a stretch, to say the least, to argue that it was filed in order to evade the motion for summary judgment.

The first contention, while serious, is also unavailing. It is unfortunate that defendants' business reputations have been harmed by this SEC action. But there is no reason to think – and defendants suggest none – that dismissal without prejudice will substantially harm their reputation further. If anything, it seems more likely that dismissal without prejudice would at least partially return defendants to the *status quo ante*. Therefore, this sort of reputational harm is not sufficient to show "substantial prejudice." See S.E.C. v. Compania Internacional Financiera S.A., 11 Civ. 4904, 2012 WL 1856491 (S.D.N.Y. May 22, 2012). Indeed, it is a regrettable inevitability of litigation that most lawsuits harm the reputations of their defendants. Therefore, to agree with defendants' contention – that the reputational

harm visited upon defendants by the filing of a lawsuit against them amounts to "substantial prejudice" – would eliminate the possibility of dismissal without prejudice in very many, if not most lawsuits.

This would particularly hamper SEC enforcement actions which, on the one hand, tend to inflict greater reputational harm on their defendants but, on the other, frequently need to be brought on an emergency basis to restrain defendants from engaging in suspected insider trading (as was the case here). If the SEC were not able to then dismiss its actions without prejudice (assuming that the SEC's motion to dismiss was timely and the action appeared to have been brought in good faith) it would be forced to significantly limit its emergency enforcement activities for fear that early emergency action would preclude it from seeking penalties later.

Thus, because the Zagano factors weigh in the SEC's favor and defendants have not shown that they will suffer substantial prejudice, the SEC's motion to dismiss the action without prejudice is granted. Defendants' motion for summary judgment is therefore moot and, accordingly, is denied.

So ordered.

Dated: New York, New York
April 17, 2013

_____
Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 17, 2013

-5-